HIRAM BAILEY, Respondent, v. ALMON WEYMOUTH, Appellant.

No. 2683; July 11, 1872.

**Forcible Entry and Detainer—Inclosure—Cultivation.**—In a proceeding for forcible entry and detainer the plaintiff need not prove that he has inclosed the premises, if he can prove that he has kept them continuously under cultivation.

**Forcible Entry and Detainer.**—If A Attempts to Build a Dwelling for himself on land occupied and cultivated by B, and responds to the remonstrances of B with such words as, "I intend to stay and defend my property and will defend it by force, if neces-

sary," and interferes with B's plowing the land, declaring his teams shall not pass unless over his body, and strikes B's mules over the nose and waves his hat in front of them to stop their progress, the facts are sufficient to justify proceedings by B against A, within the statute, for forcible detainer.

APPEAL from County Court, Alameda County.

Noble Hamilton for respondent; A. M. Crane for appellant.

BELCHER, J.—The complaint charges an unlawful entry and a forcible detainer under the second section of the act of April 2, 1866: Stats. 1865–66, p. 768.

The entry is alleged to have been made on the twenty-fourth day of June, 1870, upon a quarter section of land, parcel of a tract of from fifteen hundred to eighteen hundred acres claimed by the plaintiff.

The plaintiff had judgment and the defendant has appealed.

We think the plaintiff showed a possession sufficient to entitle him to maintain the action. The land was not inclosed, but the plaintiff had for four years cultivated in wheat nearly all of the larger tract and all of the smaller parcel in controversy. A fence is not essential to an actual possession: Ellicott v. Pearl, 10 Pet. (U. S.) 442, 9 L. Ed. 488. Adverse or prior possession may be established by proof of cultivation: Statute of Limitations, sec. 13; Polack v. McGrath, 32 Cal. 21.

We are also of the opinion that the evidence was sufficient to prove that the defendant detained "by force and with a strong hand or by menaces and threats of violence" at least so much of the land as he prevented the plaintiff from plowing.

When the defendant was building his house in June the plaintiff told him that he claimed the land and should try to put him off. Early in July the plaintiff went to the defendant and demanded that he give up possession and leave the premises, saying if he did not he should have to move or haul away his house. The defendant replied: "This you cannot do, unless you move me with it. I have come here and intend to stay here and defend my property." To the question how he intended to defend it he said "he should defend it by force, if necessary." Later in July the plain-

tiff was plowing the land near defendant's house, when he was stopped by the defendant, who stood in front of one of the teams and refused to let it pass, unless "over his body." Upon the team being urged forward, the defendant struck one of the mules upon the nose and swung his hat before them, thereby stopping their progress.

Several efforts were made by the plaintiff to plow around the house, which were resisted and stopped by the defendant. The plaintiff then gave up the contest and withdrew his teams to other parts of the field.

If all this does not constitute a forcible detainer within the meaning of the statute, it is difficult to see what would, without an actual breach of the peace.

We have not taken into the account the fact that the defendant served notice upon the plaintiff that he had settled upon and claimed the land as public land under the pre-emption laws of the United States, nor the fact that he testified he went upon it in good faith, believing it to be public land.

It did not appear on the trial that it was in fact public land, nor if it was, whether it was surveyed or unsurveyed, nor whether the defendant was or was not a qualified pre-emptor.

All this might have been proved, perhaps for the purpose of showing that the defendant's entry was made in good faith, and in the belief that he had a legal right to enter, and that it was not, therefore, an unlawful entry within the meaning of the statute: Shelby v. Houston, 38 Cal. 422.

On the whole, we think the judgment should be affirmed, and it is so ordered.

We concur: Niles, J.; Wallace, C. J.

I dissent: Rhodes, J.

### February 21, 1874.

By the COURT.—The defendant's motion for a nonsuit should have been granted, on the ground that the evidence failed to make out a case either of forcible entry or forcible detainer.

Judgment reversed and cause remanded for a new trial.